# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MIKE R. SERNA,

      Plaintiff,

v.                                        No. 1:23-cv-00349-KK

DAVID WEBSTER and
MARGETTE WEBSTER,

      Defendants.

## <u>ORDER TO SHOW CAUSE</u>

Plaintiff, who is proceeding *pro se*, was a defendant in a foreclosure action in state court filed by Defendants David Webster and Margette Webster. *See* Complaint for a Civil Case at 3, Doc. 1, filed April 25, 2023. Plaintiff alleges the state-court foreclosure judgment was "wrongful" and that Defendants "conspired to take into their possession a house" in which Plaintiff resided. Complaint at 1, 4-5. Plaintiff asserts claims against Defendants for various torts and conspiracy. Complaint at 1, 5-7 (listing "property tort," damages to property, unlawful interference of Plaintiff's enjoyment of his private property, trespass on land, trespass to chattels, conversion and quiet title).

### *Serna I*

Plaintiff previously filed a case against Defendants based on essentially the same facts: (i) Defendants David Webster and Margette Webster filed a foreclosure case in state court; and (ii) the property "was wrongly taken" in the foreclosure. *See* Complaint at 2-3, Doc. 1, filed January 27, 2023, in *Serna v. Webster*, No. 1:23-cv-00083-MV-SCY ("*Serna I*"). Plaintiff asserted state-law claims and claims pursuant to the Fourth and Fourteenth Amendments of the

United States Constitution alleging that Plaintiff was deprived of the property without due process.  *See* Complaint at 2, filed in *Serna I*.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff that the complaint failed to state claims pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and ordered Plaintiff to show cause why the Court should not dismiss the case and to file an amended complaint.  *See* Doc. 4, filed January 30, 2023, in *Serna I*.  Plaintiff filed a response to the order to show cause but did not file an amended complaint.  Senior United States District Judge Martha Vázquez dismissed Plaintiff's due process claims in *Serna I* with prejudice, declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismissed Plaintiff's state-law claims without prejudice.  *See* Doc. 9 at 5, filed March 31, 2023, in *Serna I*.

**Plaintiff's Motion for Permission to File this Case**

Plaintiff seeks permission to file this case stating he was unable to file an amended complaint in *Serna I* because he had back surgery which left him unable to walk.  *See* Permission Requested to File this Last New Case as the Plaintiff was Seriously Damaged, Doc. 2, filed April 25, 2023 ("Motion").  The Court denies the Motion as moot because Plaintiff has already filed his Complaint in this case and Judge Vázquez' dismissal of Plaintiff's state-law claims without prejudice does not bar Plaintiff from refiling those claims.

**Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction") ; *Evitt v. Durland*, 243

F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

> To assess the presence of a federal question, our task is to look to the "face of the complaint." *Sac & Fox Nation of Okla. v. Cuomo,* 193 F.3d 1162, 1165 (10th Cir.1999) ("[F]ederal question jurisdiction must appear on the face of the complaint....") ....
>
> For a case to arise under federal law within the meaning of § 1331, the plaintiff's "well-pleaded complaint" must establish one of two things: "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.,* 440 F.3d 1227, 1232 (10th Cir.2006) (quoting *Morris,* 39 F.3d at 1111) (internal quotation marks omitted); *accord Gilmore v. Weatherford,* 694 F.3d 1160, 1170–72 (10th Cir.2012); *see also Viqueira v. First Bank,* 140 F.3d 12, 17 (1st Cir.1998) ("[T]he well-pleaded complaint rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiffs' complaint."). "The 'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases." *Gilmore,* 694 F.3d at 1171 (quoting *Empire Healthchoice Assurance Inc. v. McVeigh,* 547 U.S. 677, 699, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)).

*Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)); *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1025 (10th Cir. 2012) (holding *pro se* litigant's "reference in the complaint to four different sources of federal law" was insufficient to establish federal question jurisdiction); *Kucera v. Cent. Intelligence Agency*, 754 F. App'x 735, 737-38 (10th Cir. 2018) (affirming dismissal of *pro se* litigant's complaint for lack of subject matter jurisdiction where he "ha[d] not alleged facts sufficient to show" a viable claim under federal law).

3

The "Jurisdiction" section of the Complaint states:

28 U.S.C. 1331
The Plaintiff's right to relief necessarily depends on resolution of a substantial
question of the federal law.
Federal Question arising under the United States Constitution.
The government, even though has immunity cannot take property, and devalue it
for his Cause of action, and grant a [sic] individual the property because of his
power, and to benefit the litigant of his like or preference.

[citations to state law omitted]

The Private Property Protection Act – ensure property owner rights as established
under The 5th Amendment to the United States Constitution.

Complaint at 2.  The Complaint also states "[t]he government took property" and indicates

Plaintiff seeks "[c]ompensation of the violation of the 5th Amendment: $639,000."

Complaint at 9.

It appears the Court should dismiss this case because the Complaint does not show the

Court has jurisdiction over this matter.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  The

Complaint refers to the "Private Property Protection Act" but does not provide a citation for the

Act.  The Court was unable to identify a federal law corresponding to the "Private Property

Protection Act."  The Complaint also refers to "the Fifth Amendment to the United States

Constitution" but does not contain any factual allegations showing that either Defendant

deprived Plaintiff of a right secured by the Fifth Amendment. Vague references to federal law,

without identifying the specific provisions that give rise to Plaintiff's claims and without

sufficient factual allegations to show a viable claim under federal law, are insufficient to

establish federal question jurisdiction.

The Court orders Plaintiff to show cause why the Court should not dismiss this case

without prejudice for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the

4

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint which contains factual allegations showing the Court has jurisdiction over this matter.

### Res Judicata

If Plaintiff files an amended complaint that asserts claims against Defendants pursuant to federal law based on Defendants' possession of the property, Plaintiff must show why those claims are not barred by the doctrine of *res judicata*.

> "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted). To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6.

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017). There is a final judgment in *Serna I*, Plaintiff was the plaintiff in *Serna I*, and Plaintiff's claims in this case and his claims in *Serna I* are based on Defendants' possession of the property pursuant to a judgment in the state-court foreclosure action.

### Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  https://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     On or before May 23, 2023, Plaintiff must show cause why the Court should not dismiss this case without prejudice for lack of subject-matter jurisdiction, and file an amended complaint which contains factual allegations showing the Court has jurisdiction over this matter.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(ii)    If Plaintiff files an amended complaint that asserts claims against Defendants pursuant to federal law based on Defendants' possession of the property, Plaintiff must also show cause on or before May 23, 2023, why those claims are not barred by the doctrine of *res judicata*."

(iii)   Plaintiff's Motion "Permission Requested to File this Last New Case as the Plaintiff was Seriously Damaged," Doc. 2, filed April 25, 2023, is **DENIED as moot.**

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**